IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAMIRO GUTIERREZ, #48152-177,<br>           Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION,<br>           Defendant. | §<br>§<br>§<br>§     CIVIL CASE NO. 3:18-CV-964-K-BK<br>§<br>§<br>§<br>§ |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge. Plaintiff Ramiro Gutierrez, a federal inmate, filed a *pro se* motion under FED. R. CRIM. P. 41(g), seeking the return of property seized following his arrest. Doc. 3. The Court liberally construed his motion as an independent civil action under 28 U.S.C. § 1331. Doc. 1. Subsequently, the Court granted Gutierrez's motion to proceed *in forma pauperis* but did not issue process pending preliminary screening. As stated here, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

I. BACKGROUND

By his *Amended Complaint*, Gutierrez sues the Drug Enforcement Agency (DEA) for deprivation of property. Doc. 6 at 4. Specifically, he seeks the return of property (a green card, driver's license, social security card, cellular telephone and Mexican silver collection coin, and $220 in U.S. currency) allegedly seized following his May 14, 2014 arrest. Doc. 6 at 4. In his *Answers to the Magistrate Judge's Questionnaire*, Gutierrez avers that he was arrested by the DEA and the Dallas County Sheriff's Office and detained at the Dallas County Jail overnight. Doc. 10 at 2, 4. Gutierrez asserts that a Dallas County Jail officer conducted an "inventory of

[his] property" and informed him that it "was going to be safe . . . at the county jail." Doc. 10 at 2, 4.  Gutierrez further asserts that, the following day, he was released to the custody of the U.S. Marshal and DEA, but no "federal officer conduct[ed] an inventory of [his] claim[ed] property." Doc. 10 at 3.

## II.   ANALYSIS

Because Gutierrez is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Gutierrez's filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, the complaint is frivolous and fails to state a claim.

Gutierrez's civil claim for return of seized property under FED. R. CRIM. P. 41(g) lacks merit.  That is because Rule 41(g) presumes that the property sought to be returned is in the possession of the United States and that it is authorized to return the property.  *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("the government cannot return property it does

not possess"); *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003) (relief under Rule 41(g) is appropriate only if the United States possesses the property); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (same).  In his *Answers to Magistrate Judge's Questionnaire*, Gutierrez concedes, however, that the property was inventoried and maintained at the Dallas County Jail, where Gutierrez was initially detained following his arrest.  Doc. 10 at 2-4.  Thus, Gutierrez's claim for return of seized property against the United States and/or the DEA lacks a legal basis and should be summarily dismissed.

     Likewise it is futile for Gutierrez to amend the complaint to seek monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983 against the state or federal agents who allegedly seized his property.  *Compare Bailey*, 508 F.3d at 740 (noting the court should grant leave to amend to assert a claim under *Bivens* or section 1983); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend).  Even if Gutierrez could name a proper person as defendant, his *Bivens* and/or section 1983 claims would be time barred.  Gutierrez maintains that his property was seized on May 14, 2014, following his arrest.  Doc. 6 at 4.  The deadline for filing suit was two years later, on May 14, 2016.  However, April 3, 2018, is the earliest possible date Gutierrez's motion for return of seized property can be deemed filed—well outside of the limitations period.[1]  Doc. 3 at 3.  *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (holding Texas *Bivens* actions are governed by the two-year personal injury limitations period); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (same for section 1983 actions and noting

---

[1] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Gutierrez signed the motion for return of seized property filed in this case on April 3, 2018.  Doc. 3 at 3.

3

limitations can be raised *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2018).[2]

Moreover, Gutierrez cannot demonstrate that he is entitled to equitable tolling of the limitations period due to a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2018) ("a person is under a legal disability if the person is: (1) younger than 18 years of age . . . or (2) of unsound mind"). Gutierrez's imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Consequently, any *Bivens* or section 1983 claim stemming from the alleged seizure of property would also fail to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (dismissing for failure to state a claim when allegations are time barred).

### III.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, . . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). For the reasons outlined herein, Gutierrez's claims and potential claims are fatally infirm. In addition, the Court has already given Gutierrez the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Thus, the Court concludes that he has already pled his best case and granting leave to amend would be futile and cause needless delay.

---

[2] The six-year statute of limitations applies only to a civil action for return of seized property against the United States under Rule 41(g). *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (citing 28 U.S.C. § 2401(a)).

### IV.   CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED** with prejudice as frivolous and for failure to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED** this August 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."